# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DUSTIN LEMASTER,**
**Claimant Below, Petitioner**

**FILED**
**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-496**         (JCN: 2023020757)

**WALMART, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Dustin Lemaster appeals the November 9, 2023, decision of the Workers' Compensation Board of Review ("Board"). Respondent Walmart, Inc. ("Walmart") timely filed a response.[1] Mr. Lemaster did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order and finding that Mr. Lemaster failed to establish that his injury occurred in the course of and resulting from employment.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2023, Mr. Lemaster was employed as a merchandise stocker at Walmart in Moundsville, West Virginia. Mr. Lemaster completed an Employees' and Physician's Report of Occupational Injury form on March 18, 2023. In that report, he alleged an injury to his right shoulder, which occurred on March 16, 2023. He stated that the injury occurred from lifting "heavy stuff" all day long, and stated that his right shoulder hurt, he had to see a surgeon, and that he was unable to work. Medical personnel at Reynolds Memorial Hospital signed the Employees' and Physicians' Report of Occupational Injury form on March 19, 2023.[2] The date of initial treatment was noted as March 18, 2023. The diagnosis listed was right shoulder strain/sprain. No description of the injury was provided, but the doctor indicated that the condition was the result of an occupational injury.

---

[1] Mr. Lemaster is represented by William B. Gerwig, III, Esq. Walmart is represented by Karin L. Weingart, Esq.

[2] This Court notes that no medical records from Reynolds Memorial Hospital were provided to the Board.

Mr. Lemaster began treatment with Charles Milton, D.O., on April 5, 2023. At the time of this appointment, Mr. Lemaster was not working. He described that his injury occurred on March 16, 2023, when he was lifting bags of dog food below shoulder height and he noticed discomfort in his shoulder, but denied any direct trauma. Dr. Milton noted discomfort and an area of ecchymosis at the proximal humeral area, and that all movement above shoulder height gave Mr. Lemaster discomfort. Further, he noted that there was no gross deformity of the glenohumeral joint laterally. Dr. Milton's assessment was right shoulder strain, concern for injury to the long head of the biceps, and concern for rotator cuff injury. Dr. Milton recommended an MRI of Mr. Lemaster's right shoulder. He advised Mr. Lemaster not to return to work and not to use his shoulder or right upper extremity for any lifting. Dr. Milton stated that, pending the MRI results, Mr. Lemaster would require physical therapy and possibly an orthopedic assessment.

On April 19, 2023, Mr. Lemaster returned to Dr. Milton. A review of the x-rays indicated that no bony abnormality was present. Mr. Lemaster reported that his range of motion had improved. He stated that he occasionally had anterior shoulder discomfort, but overall noted general improvement. Dr. Milton noted that Mr. Lemaster reported less discomfort in the shoulder and had an improved range of motion. Further, he noted vascular resolution of Mr. Lemaster's previous ecchymosis. Mr. Lemaster denied numbness or tingling in the right upper extremity. Dr. Milton's assessment was right shoulder strain improving, periscapular strain with some residual myofascial tenderness in the trapezius clinically, and contusion of the shoulder resolved. Dr. Milton noted that Mr. Lemaster seemed significantly improved. Mr. Lemaster was instructed to continue home exercises and was released to return to work on April 21, 2023.

Mr. Lemaster completed and signed an Associate Incident Report on April 27, 2023. He indicated that he worked as an associate at the Moundsville Walmart in the pet supplies department. He listed the date of the incident as March 16, 2023, and the injured body part as "shoulder(s)." He indicated that he was not requesting any medical care at this time, and that he had not previously been treated for a similar injury. On the report, Mr. Lemaster stated that he "lifted a bag of dog food and did something to his shoulder." The form was signed by a manager at Walmart, but the signature is not legible.

By order dated May 9, 2023, the claim administrator denied Mr. Lemaster's application for benefits. The claim administrator noted that there was no evidence that Mr. Lemaster's injury occurred during the course of employment. Mr. Lemaster protested this order.

Mr. Lemaster returned to Dr. Milton on May 19, 2023. Dr. Milton noted that he released Mr. Lemaster to return to work without restrictions on April 21, 2023. Further, he stated that following the April 15, 2023, assessment he ordered a repeat x-ray of Mr. Lemaster's shoulder and humerus due to his persistent ecchymosis. After review and consultation with radiology, no bony abnormality was noted. Dr. Milton's assessment was

2

right shoulder strain with improvement, periscapular strain with still some residual myofascial tenderness in the trapezius, and no evidence of primary rotator cuff involvement. Mr. Lemaster indicated that he was still not working as of the date of this appointment. Mr. Lemaster was instructed to continue with home exercises, and Dr. Milton noted that it was important for him to maintain a full range of motion. Mr. Lemaster was instructed to follow up as needed.

By order dated November 9, 2023, the Board affirmed the claim administrator's decision. The Board noted that although the Employees' and Physicians' Report of Occupational Injury form was completed by Reynolds Memorial Hospital, no medical records from the Hospital were submitted into the record. The Board noted that Mr. Lemaster's failure to report the alleged March 16, 2023, injury to the employer until April 27, 2023, diluted the credibility of his claim. Based on the foregoing, the Board held that there was insufficient competent evidence to establish that Mr. Lemaster was injured on March 16, 2023, and that the injury occurred in the course of and resulting from his employment. It is from this order that Mr. Lemaster now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Lemaster asserts a single assignment of error, in which he argues that the Board committed plain legal error when it affirmed the claim administrator's order. Specifically, Mr. Lemaster argues that the Board erred in finding that he did not describe an isolated injury on the WC-1 form and further contends that the Board mischaracterized his medical records as not corroborating an alleged mechanism of injury. In his brief, Mr.

3

Lemaster argues that it is inconsequential whether his injury occurred from lifting a particular bag of dog food or the collective effect of lifting multiple bags, as either possibility should be treated as an occupational injury. Further, Mr. Lemaster argues that all of the evidence in the record supports the conclusion that he sustained a right shoulder sprain while lifting heavy bags of dog food in the course of and resulting from his employment. We disagree.

Three elements must co-exist in compensability cases: "(1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment." Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *see also* W. Va. Code § 23-4-1(a) (2021).

Upon our review of the record, we find that the Board was not clearly wrong in finding that Mr. Lemaster did not establish by competent evidence that he sustained an injury in the course of and resulting from employment. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3*, In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

Here, the record indicates that Mr. Lemaster provided differing explanations for his injury, first referencing "lifting heavy stuff all day long" as the cause on the WC-1 form, and later stating that he specifically "lifted a bag of dog food and did something to his shoulder" on the Associate Incident Report. Mr. Lemaster did not provide any medical evidence from his visit to Reynolds Memorial Hospital on March 18, 2023. Further, Mr. Lemaster's treating physician Dr. Milton noted improvement in the sprain on April 19, 2023, his x-ray was negative, and no bony abnormality was detected. Additionally, Mr. Lemaster did not return to work on April 21, 2023, after Dr. Milton instructed him that he could do so. The record also indicates that Mr. Lemaster did not notify Walmart of his injury until April 27, 2023, after Dr. Milton had cleared him to return to work. With our deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in finding that Mr. Lemaster did not establish that he sustained an injury in the course of and resulting from his employment.

Accordingly, we affirm the Board's November 9, 2023, order.

Affirmed.

**ISSUED:** April 22, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear